**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**CARVIS LAMAR JOHNSON, #109384**                                    **PLAINTIFF**

**v.**                                               **CAUSE NO. 3:20cv204-DPJ-FKB**

**BARRY VAUGHN, et al.**                                           **DEFENDANTS**
_____

**ANSWER AND DEFENSES / AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**
_____

**NOW COME** Defendants, Sheriff Bryan Bailey, Captain Barry Vaughn, Lieutenant Barnett (a/k/a Lt. Daniel Barnett), Officer Hicks (a/k/a Sgt. David Hicks), Officer Edward (a/k/a Hunter Elward), MeQueary Jordan (a/k/a Jordan McQueary), and Officer Morre (a/k/a Jason Moore) (collectively "the Rankin County Defendants"), by and through their undersigned counsel of record, and file this, their Answer and Defenses / Affirmative Defenses to Plaintiff's Complaint filed in the above styled and numbered cause, as follows:

**FIRST DEFENSE**

The Rankin County Defendants specifically assert and invoke all defenses available to them as set forth in FED. R. CIV. P. 12(b)(1) through 12(b)(7) for which a good faith legal and/or factual basis exists or may exist in their favor.

**SECOND DEFENSE**

The Rankin County Defendants affirmatively assert and invoke all substantive and procedural defenses available to them for which a good faith legal and/or factual basis exists or may exist in their favor pursuant to MISS. CODE ANN. § 11-46-1 *et seq*. as to Plaintiff's state law claims, if any.

**THIRD DEFENSE**

The Rankin County Defendants affirmatively assert and invoke all substantive and procedural defenses available to them for which a good faith legal and/or factual basis exists or may exist in their favor pursuant to the Prison Litigation Reform Act (PLRA).

**FOURTH DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**FIFTH DEFENSE**

The Rankin County Defendants possess sovereign and/or qualified immunity herein from suit and/or liability and/or damages.

**SIXTH DEFENSE**

The Rankin County Defendants did not breach any duty owed to Plaintiff nor did they violate any right or privilege of Plaintiff and are, therefore, not liable in damages.

**SEVENTH DEFENSE**

The Rankin County Defendants, at all times complained of herein, acted in good faith and without malice, without reckless disregard, without injurious intent, without evil motive, without deliberate indifference, without any intent to cause harm, and these Defendants are not guilty of tortious conduct or omission.  The actions taken by the Rankin County Defendants, if any, were taken in good faith and in good faith reliance upon then existing law.

**EIGHTH DEFENSE**

The matters set forth in the Complaint herein do not rise to the level of a constitutional violation and such matters are improperly before this Court.

## NINTH DEFENSE

The Rankin County Defendants committed no act or omission which caused any injury, damage, or deprivation to Plaintiff and are, therefore, not liable in damages.

## TENTH DEFENSE

As a matter of law, Plaintiff is not entitled to any relief from the Rankin County Defendants.

## ELEVENTH DEFENSE

The Rankin County Defendants hereby specifically plead that if the allegations of the Complaint are true in any respect, which is denied, Plaintiff may be guilty of either contributory negligence or affirmative conduct in connection with the events about which he complains.  To the extent events that form the subject matter of Plaintiff's Complaint and Plaintiff's alleged damages, if any, were caused by the actions or omissions of Plaintiff, any recovery by Plaintiff, if any, must be reduced accordingly under principles of comparative fault.

Alternatively, Plaintiff's alleged injuries or harms were caused, unforeseeably, by persons, forces or entities for whom / which these Defendants are neither liable nor responsible, such being efficient, intervening, superseding causes, breaking any alleged causative link to these Defendants.

## TWELFTH DEFENSE

**NOW COME** Sheriff Bryan Bailey, Captain Barry Vaughn, Lt. Daniel Barnett, Sgt. David Hicks, Hunter Elward, Jordan McQueary, and Jason Moore, by and through counsel, and state that unless specifically admitted herein, the Rankin County Defendants deny any and all allegations of the Complaint.

For answers to the allegations of the Complaint, the Rankin County Defendants state:

1.      In response to the allegations under the heading "**GENERAL INFORMATION**" on page 1 of 6 of Plaintiff's Complaint, the Rankin County Defendants admit that Plaintiff was incarcerated at the time of the incident complained of in the Complaint, that Plaintiff is presently incarcerated, and that Plaintiff was not an inmate of MDOC at the time of the incident complained of in the Complaint.  Except where otherwise specifically admitted, the allegations under the heading "**GENERAL INFORMATION**" on page 1 of 6 of Plaintiff's Complaint, including subsections (A.) through (F.), are denied.

2.      As the allegations under the heading "**PARTIES**" on page 2 of 6 of Plaintiff's Complaint do not pertain or relate to the Rankin County Defendants, they are not required to admit or deny same.  To the extent that the allegations under the heading "**PARTIES**" on page 2 of 6 of Plaintiff's Complaint do pertain or relate to the Rankin County Defendants, they admit that Sheriff Bryan Bailey is the duly elected and acting Sheriff of Rankin County, Mississippi and that Vaughn, Barnett, Hicks, Elward, McQueary, and Moore are employees of Rankin County.  Except where otherwise specifically admitted, the allegations under the heading "**PARTIES**" on page 2 of 6 of Plaintiff's Complaint are denied.

3.      The allegations under the heading "**OTHER LAWSUITS FILED BY PLAINTIFF**" on page 3 of 6 of Plaintiff's Complaint are denied.

4.      As the allegations under the heading "**STATEMENT OF CLAIM**" on page 4 of 6 of Plaintiff's Complaint do not pertain or relate to the Rankin County Defendants, they are not required to admit or deny same.  To the extent that the allegations under the heading "**STATEMENT OF CLAIM**" on page 4 of 6 of Plaintiff's Complaint do pertain or relate to the Rankin County Defendants, same are denied.

5.    The allegations under the heading "**RELIEF**" on page 4 of 6 of Plaintiff's Complaint are denied.  Further, the Rankin County Defendants deny that Plaintiff is entitled to a judgment against them or that they are liable or indebted to Plaintiff in the amount sued for or in any amount whatsoever, for any type, kind or quantum of damages or any other form of relief.  These Defendants deny any and all liability.

6.    As the allegations in the unnumbered paragraphs on page 5 of 6 of Plaintiff's Complaint do not pertain or relate to the Rankin County Defendants, they are not required to admit or deny same.  To the extent that the allegations in the unnumbered paragraphs on page 5 of 6 of Plaintiff's Complaint do pertain or relate to the Rankin County Defendants, same are denied.

7.    As the allegations in the unnumbered paragraphs on page 6 of 6 of Plaintiff's Complaint do not pertain or relate to the Rankin County Defendants, they are not required to admit or deny same.  To the extent that the allegations in the unnumbered paragraphs on page 6 of 6 of Plaintiff's Complaint do pertain or relate to the Rankin County Defendants, same are denied.

8.    To the extent required, the Rankin County Defendants deny any and all allegations against them in the following pleadings:

a.    [Dkt. 8] - Response to [7] Order filed May 28, 2020;

b.    [Dkt. 12] - Response to [11] Order filed July 20, 2020;

c.    [Dkt. 13] - Second Response to [11] Order filed July 22, 2020;

d.    [Dkt. 15] - Letter from Carvis Johnson filed September 1, 2020;

e.    [Dkt. 17] - Response to [14] Order filed September 2, 2020;

f.    [Dkt. 20] - Response to [19] Order filed September 18, 2020; and

g.  [Dkt. 35] - Letter from Carvis Johnson filed October 14, 2020

## ADMINISTRATIVE REMEDIES PROGRAM

The Rankin County Defendants specifically deny that Plaintiff has fully and properly exhausted the inmate grievance procedure available to him at the Rankin County Jail and affirmatively assert the failure of Plaintiff to exhaust this grievance procedure as an affirmative bar to the maintenance of this civil suit.  Failure to exhaust the jail's grievance procedure is a jurisdictional condition precedent to the institution or maintenance of this civil action. Without completion of the grievance procedure, Plaintiff cannot maintain the instant action and the same should be dismissed.

**AND NOW**, having fully addressed the specific paragraphs in the Plaintiff's Complaint and subsequent pleadings, and having denied any and all liability herein, Sheriff Bryan Bailey, Captain Barry Vaughn, Lt. Daniel Barnett, Sgt. David Hicks, Hunter Elward, Jordan McQueary, and Jason Moore set forth the following Special Affirmative Matters:

## FIRST AFFIRMATIVE DEFENSE

The Rankin County Defendants are entitled to qualified immunity and/or sovereign immunity from suit and/or liability and/or damages herein. These Defendants are entitled to, and hereby asserts all rights, privileges, and immunities otherwise available to a governmental or state actor.

## SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff's Complaint purports to state a claim actionable under the procedural vehicle of 42 U.S.C. § 1983, it fails to state a claim upon which relief can be granted against the Rankin County Defendants and should be dismissed with prejudice.

**THIRD AFFIRMATIVE DEFENSE**

At all times, the Rankin County Defendants acted in good faith reliance upon then existent law and are, therefore, entitled to immunity or a special good faith defense.

**FOURTH AFFIRMATIVE DEFENSE**

The Rankin County Defendants complied with all applicable standards of care.

**FIFTH AFFIRMATIVE DEFENSE**

At all times complained of, the Rankin County Defendants acted in good faith, and without malice, without reckless disregard, without deliberate indifference, without injurious intent, without evil motive, without retaliatory motive, and are not guilty of wrongful or tortious conduct.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff is guilty of comparative fault and his recovery must be limited accordingly.

**SEVENTH AFFIRMATIVE DEFENSE**

The Rankin County Defendants are not guilty of conduct amounting to deliberate indifference to the rights of Plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent, if any, Plaintiff's Complaint purports to state a cause of action against the Rankin County Defendants based upon any state law theory, they possess sovereign immunity pursuant to and as set forth in MISS. CODE ANN. § 11-46-1 *et seq.* by virtue of the performance of an inherently governmental and public function for which immunity has been recognized, historically, at common law.

## NINTH AFFIRMATIVE DEFENSE

The Rankin County Defendants would show that the factual allegations of Plaintiff's Complaint, and the conduct complained of therein, do not violate any clearly established statutory or constitutional rights of Plaintiff, determined by the standard of objective reasonableness measured by reference to clearly established law. Further, these Defendants are not guilty of any deliberate abuse of inherently governmental power, but rather, had lawful penological justification for all actions undertaken by them.

## TENTH AFFIRMATIVE DEFENSE

The Rankin County Defendants fulfilled any and all legal duties owed by them, if any, to Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

The Rankin County Defendants affirmatively assert that they cannot be held liable herein for damages under principles of agency or *respondeat superior* for the actions or omissions of any other party or non-party herein and are entitled to apportionment as provided by law.

## TWELFTH AFFIRMATIVE DEFENSE

No action or inaction on the part of the Rankin County Defendants, if any, proximately caused any harm, loss or deprivation to Plaintiff. At all times complained of, these Defendants acted both reasonably and prudently and in the exercise of legitimate and lawful justification. Further, these Defendants' conduct, if any, performed in good faith, did not violate clearly established rights of which a reasonable person would have known so as to be cognizable under 42 U.S.C. § 1983. Moreover, Plaintiff did not suffer any injury and his allegations do not arise to the level of a constitutional tort.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Rankin County Defendants possess immunity to Plaintiff herein and specifically assert all rights, defenses, privileges, and immunities available to them under applicable state and federal law. These Defendants invoke and assert all rights, privileges and immunities available to them as set forth in the United States Constitution and/or Mississippi Constitution and supporting / interpretive federal or state common law.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages, losses and/or injuries, if any, are the proximate result of the actions and/or omissions of Plaintiff and/or others for whom the Rankin County Defendants are neither liable nor responsible. Plaintiff's recovery, if any, should be barred or alternatively reduced under principles of comparative fault. Further, these Defendants affirmatively assert and invoke all defenses and rights available to them as set forth in MISS. CODE ANN. § 85-5-7 and § 11-1-65.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff did not suffer any loss or deprivation of any rights, privileges, or immunities afforded him by the United States Constitution or applicable federal or state law.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Rankin County Defendants invoke and assert all privileges and immunities afforded them under both federal and state constitutions, statutory law and common law.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Rankin County Defendants reserve the right to plead and hereby specifically assert, to the extent applicable and justified pursuant to the facts of this case, the affirmative

defenses of contributory negligence, discharge in bankruptcy, estoppel, release, *res judicata*, statute of limitations and waiver.

## EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff seeks any form of injunctive relief, if any, Plaintiff has not established the requisite basis or threshold, inclusive of any immediate and/or irreparable harm, so as to support or warrant the issuance of any form of injunctive relief.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to specifically and/or appropriately plead that he is entitled to relief against the Rankin County Defendants pursuant to FED. R. CIV. P. 8, and accordingly, his claims should be dismissed.

**WHEREFORE, PREMISES CONSIDERED,** Sheriff Bryan Bailey, Captain Barry Vaughn, Lt. Daniel Barnett, Sgt. David Hicks, Hunter Elward, Jordan McQueary, and Jason Moore request that Plaintiff's Complaint and this civil action be dismissed with prejudice, with all costs and reasonable attorneys' fees assessed against Plaintiff, together with such other relief as this Court deems proper.

**RESPECTFULLY SUBMITTED,** this 6th day of November, 2020.

> **SHERIFF BRYAN BAILEY, CAPTAIN BARRY VAUGHN, LT. DANIEL BARNETT, SGT. DAVID HICKS, HUNTER ELWARD, JORDAN MCQUEARY, AND JASON MOORE - DEFENDANTS**
>
> **BY:**  _/s/ Jason E. Dare_____
> **JASON E. DARE**

**OF COUNSEL:**

Jason E. Dare (MSB No. 100973)
jdare@bpislaw.com
BIGGS, PETTIS, INGRAM & SOLOP, PLLC
Post Office Box 14028
Jackson, Mississippi  39236-4028
Telephone:    (601) 987-5307
Facsimile:      (601) 987-5307

## CERTIFICATE OF SERVICE

     I, JASON E. DARE, hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and further certify that I have mailed, via U.S. Mail, postage pre-paid, a true and correct copy of the above and foregoing document to the following non-ECF participant(s):

     Carvis L. Johnson, 109384
     CMCF, OB Bldg., B Zone, Bed 129
     P.O. Box 88550
     Pearl, Mississippi 39288

     **THIS,** the 6th day of November, 2020.

                                _/s/ Jason E. Dare_
                                **JASON E. DARE**