# Rankin County Jail

Booking Sheet: RCJ2019020413

**ID #:** 2019020401
**Name:** JOHNSON, CARVIS LAMAR
**Address:** [REDACTED]
**Phone(Home/Business):** (601) 000-0000  (601) 000-0000

| | | |
|---|---|---|
| **DOB:** [REDACTED] | **Age:** 34 YRS | **Height:** 5-6 |
| **Race:** B | **Sex:** M | **Weight:** 153 |
| **Eyes:** BRO | **Ethnicity:** N | **Appearance:** 20 |
| **Hair:** BLK | **Resident:** R | **Build:** 1 |
| **Scars/Marks/Tattoos:** | **Complexion:** 03 | **Birth Place:** JACKSON  MS |
| **Employer:** | **FBI ID:** | **IdentA:** |
| **SSN:** [REDACTED] | **DL No.:** [REDACTED] | **MS State ID:** |

**Booking Date:** 02/23/19  **Time:** 4:12   **Transfer(Y/N)?**   **Facility:** RCJ
**Arrest Date:** 02/24/19  **Time:** 4:18   **Booking Officer:** 2016090176  BARRETT, JOSHUA
**Arresting Agency:** RSO   **Cell Assignment:** AC214237
**Officer:** 2008060127  MCALPIN, BRETT   **Status:** PFEL   **Class:** W206
**Location:**   **Hold Reason:**   **Court Date:**
   Brandon   MS   **Holding For:**
**Searched By:** CLARK J30   **Phone Call:** Y   **Sentence Date:** / /

| | | | |
|---|---|---|---|
| **CLOTHING:** Y | **NCIC:** Y | **JAIL RULES** Y | **Scheduled Release:** / /  0:00 |
| **METAL:** Y | **WARRANT:** Y | | **Probation Off./Atty.:** |
| **PAT:** | **PRINTS:** Y | | **Bondsman:** |
| **STRIP:** Y | **PHOTO:** Y | | **Supplemental To:** |
| **CAVITY:** | **VNR:** | | **Drug Screen:** |

**Cash:** $0.00  **Vehicle Information:**
**Vehicle Location:**
**Property Description:**   **Property Location:** 425
ORANGE JACKET, GRAY SHIRT, GRAY PANTS, WHITE SOCKS...J30

## OFFENSES

| Seq.No.: | Code: Statute (RSA) Reference Number: Notes: | Description: Incident Number | Warrant Number | Court Fel/Misd | Bond Amt: Fine Amount: | Bond Type: |
|---|---|---|---|---|---|---|
| 1 | 00045 41-29-139(a)(1) | CONT. SUBST.: SALE/DISTRIBUTE/MANUFACTURE/PO RCJ2019020413 | | RCCO F | 0.00 0.00 | |

PF...X2...J60

## JAIL PROPERTY ISSUED

| Item Code/Description: Date/Time: | Issued by: | Serial No.: Condition: | Quantity: | Inventory No.: Cost: | Total Cost: |
|---|---|---|---|---|---|
| BK  UNIFORM AND SHOES 02/23/2019  04:38 | 2016090176 | F | 1 | 0.00 | 0.00 |

Exhibit 5

CAPIAS INSTANTER       Niso 317
================================================================

THE STATE OF MISSISSIPPI

To the Sheriff of Rankin County - Greetings:

We command you to take the body of **CARVIS LAMAR JOHNSON** if to be found in your County, and safely keep, so that you have sa before the Honorable, the Circuit Court of Rankin County, in said ; be holden at the Courthouse thereof, in the City of Brandon, instar then and there to answer unto the State of Mississippi on a charge **SALE OF METH WHILE IN POSSESSION OF A FIREARM - CTS I & II; CONSPIRACY TO SELL METH AS A SUBSEQUENT DRUG OFFENDER - CTS** (41-29-139)      by indictment of said Court at the      Jul A. D., 2019, thereof, herein fail not, and have then this writ, wi manner you have executed the same.

Given under my hand and seal, and issued the 18th day of Sept A. D., 2019.

REBECCA N. BOYD, CIRCUIT
By: _____

STATE OF MISSISSIPPI
COUNTY OF RANKIN

I have this day executed the within writ personally by delivering a true copy of this Capias and a true copy of the indictment to:

CARVIS LAMAR JOHNSON
and placing same in the Rankin County jail.

This the 20th day of September 2019
BRYAN BAILEY, SHERIFF
By: _____ DS

**RANKIN COUNTY SHERIFF'S D**
9am
YOU HAVE BEEN SERVED AN
BY THE RANKIN COUNTY SHE
YOU MUST APPEAR IN PER
RANKIN COUNTY COURT
THE 11 DAY OF Oct
FAILURE TO APPEAR WILL
WARRANT ISSUED FOR YO
BRYAN BAILEY, SHEI

BY _____

# INDICTMENT

STATE OF MISSISSIPPI

VS.

CAUSE NO. _____

CARVIS LAMAR JOHNSON

DEFENDANT

*Indictment for the offenses of:*
**SALE OF METHAMPHETAMINE,
A SCHEDULE II CONTROLLED SUBSTANCE
WHILE IN POSSESSION OF A FIREARM**
*and* (2 Counts)

**CONSPIRACY TO SELL METHAMPHETAMINE,
A SCHEDULE II CONTROLLED SUBSTANCE** (2 Counts)
*AS A SUBSEQUENT DRUG OFFENDER*
*and*
*AS AN HABITUAL OFFENDER*
Miss. Code Ann. §§ 41-29-139, 41-29-142, 97-1-1, 41-29-147, & 99-19-81

FILED SEP 18 2019
BECCA N. BOYD, CIRCUIT CLERK
BY mH

STATE OF MISSISSIPPI
COUNTY OF RANKIN

## IN THE CIRCUIT COURT OF RANKIN COUNTY, JULY TERM 2019

### Recalled September 5, 2019

The Grand Jurors for the State of Mississippi, taken from the body of good a lawful citizens of Rankin County, elected, summoned, impaneled, sworn and charged inquire in and for the body of the county aforesaid, at the term aforesaid of the Co aforesaid, in the name and by the authority of the State of Mississippi, upon their oa present that:

### COUNT I

**CARVIS LAMAR JOHNSON**, on or about the 22nd day of February, 2019, in the cou aforesaid and within the jurisdiction of this Court, did unlawfully, willfully, knowin feloniously and intentionally sell, distribute or transfer less than two (2) grams Methamphetamine, a Schedule II controlled substance, to a person, in violation of M Code Ann. § 41-29-139, (1972, as amended);

It is further charged that **CARVIS LAMAR JOHNSON** is subject to enhanced punishn under Miss. Code Ann. § 41-29-152 (1972, as amended), in that he had in his posses the following firearm: one (1) Titan Tiger .38 caliber revolver, serial #0523987, at the of the commission of said offense;

000049

The Grand Jury further alleges that **CARVIS LAMAR JOHNSON** has been previously convicted of the crime of *Sale of Cocaine*, on or about the 19th day of January, 2005, in the Circuit Court of Leflore County, Mississippi, Criminal Action Number 2004-0213(CM)(L), and is therefore subject to enhanced punishment for a second or subsequent offense of the Uniform Controlled Substances Law pursuant to Miss. Code Ann. § 41-29-147 (1972, as amended);

### COUNT II

And, based upon a series of acts connected together and constituting parts of a common scheme and plan, **CARVIS LAMAR JOHNSON** on or about the 22nd day of February, 2019, in the county aforesaid and within the jurisdiction of this Court, did unlawfully willfully, feloniously and knowingly conspire to sell, distribute or transfer a quantity of less than two (2) grams of Methamphetamine, a Schedule II controlled substance, to person, in violation of Miss. Code Ann. § 41-29-139 and § 97-1-1 (1972, as amended);

### COUNT III

And, based upon a series of acts connected together and constituting parts of a common scheme and plan **CARVIS LAMAR JOHNSON**, on or about the 22nd day of February 2019, in the county aforesaid and within the jurisdiction of this Court, did unlawfully willfully, knowingly, feloniously and intentionally sell, distribute or transfer less than two (2) grams of Methamphetamine, a Schedule II controlled substance, to a person, violation of Miss. Code Ann. § 41-29-139, (1972, as amended);

It is further charged that **CARVIS LAMAR JOHNSON** is subject to enhanced punishment under Miss. Code Ann. § 41-29-152 (1972, as amended), in that he had in his possession the following firearm: one (1) Titan Tiger .38 caliber revolver, serial #0523987, at the time of the commission of said offense;

The Grand Jury further alleges that **CARVIS LAMAR JOHNSON** has been previously convicted of the crime of *Sale of Cocaine*, on or about the 19th day of January, 2005, the Circuit Court of Leflore County, Mississippi, Criminal Action Number 2004-0213(CM)(L), and is therefore subject to enhanced punishment for a second subsequent offense of the Uniform Controlled Substances Law pursuant to Miss. Code Ann. § 41-29-147 (1972, as amended);

### COUNT IV

And, based upon a series of acts connected together and constituting parts of a common scheme and plan, **CARVIS LAMAR JOHNSON** on or about the 22nd day of February 2019, in the county aforesaid and within the jurisdiction of this Court, did unlawfully willfully, feloniously and knowingly conspire to sell, distribute or transfer a quantity of less than two (2) grams of Methamphetamine, a Schedule II controlled substance, to person, in violation of Miss. Code Ann. § 41-29-139 and § 97-1-1 (1972, as amended)

**The Grand Jury also finds that the said CARVIS LAMAR JOHNSON is an habitual offender, pursuant to Miss. Code Ann. § 99-19-81 (1972, as amended). See Exhibit "A," which is attached hereto.**

And all of the above (Counts I through IV) being against the peace and dignity of the State of Mississippi.

**Endorsed: A True Bill**

_____  _____
FOREPERSON OF THE GRAND JURY    ASSISTANT DISTRICT ATTORNEY

### AFFIDAVIT

COMES NOW Eric Butler, Foreperson of the September 5, 2019, Rankin County Grand Jury, and makes oath that this Indictment presented to this Court was concurred by twelve (12) or more members of the Grand Jury, and that at least fifteen (15) members thereof were present during all deliberations.

_____
FOREPERSON OF THE GRAND JURY

SWORN TO AND SUBSCRIBED before me on this, the 18th day of Sept 2019.

REBECCA N. BOYD, CIRCUIT CLERK
OF RANKIN COUNTY, MISSISSIPPI

BY: ___Margaret Anderson___ D.C.

# EXHIBIT "A"

## NON-VIOLENT HABITUAL OFFENDER ATTACHMENT
### Miss. Code Ann. § 99-19-81

He, the said **CARVIS LAMAR JOHNSON**, having been convicted twice previously upon separate charges brought and arising out of separate incidents at different times and has been sentenced to separate terms of more than one (1) year in a state penal institution whether in this state or elsewhere, as shown by the following:

(1) Sentenced by *Order*, filed on or about July 19, 2005, to twelve (12) years in the Mississippi Department of Corrections on the charge of *Sale of Cocaine* in the Circuit Court of Leflore County, State of Mississippi, Criminal Action No. 2004-0213(CM)(L); and,

(2) Sentenced by *Order*, filed on or about January 21, 2014, to one (1) year and one (1) day in the Mississippi Department of Corrections on the charge of *Retaliation Against a Public Servant* in the Circuit Court of Leflore County, State of Mississippi, Criminal Action No. 2013-0206(CM)(L);

**Upon conviction, the defendant shall be sentenced to the maximum term of imprisonment prescribed for such felony unless the Court provides an explanation in its sentencing order setting forth the cause for deviating from the maximum sentence, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation, pursuant to Miss. Code Ann. § 99-19-8 (1972, as amended), and being against the peace and dignity of the State of Mississippi.**

000052